## Landers *vs* Beauchamp

EJECTMENT.

### APPEAL FROM THE MARION CIRCUIT.

Case 124.

*Ejectment. Vendor and vendee. Notice to quit. Evidence.*

JUDGE SIMPSON delivered the opinion of the Court.

*July* 10.

IN an action of ejectment by a vendor against a vendee by executory contract, where notice to quit is necessary to enable the plaintiff to maintain the action, it has been held that six months notice is requisite: *Hope vs Cason,* (3 *B. Monroe,* 545.)

Where notice to quit is necessary, six months, notice is requisite.

At what time the notice shall expire, has not been determined. The general rule in relation to tenants from year to year is, that the notice to quit, must expire at the end of the year of the tenancy. It may be given to quit upon a particular day, or in general terms, at the termination of the current year of the tenancy, which shall occur next after the end of one half year from the service of the notice.

—And the general rule is, that it must expire at the end of the year, where the tenancy is from year to year.

This rule, however, cannot apply to a vendee. For although he is entitled to notice to quit, yet the return of the possession to the vendor not being contemplated, according to the terms of the contract under which he entered, there is no particular period, as there is in the case of a tenancy from year to year, which naturally and properly fixes the time for the surrender of the possession. This time is fixed in the case of a tenant by his own contract, and with a view to a suitable and convenient period for the purpose. It is true that in the absence of any contract on the subject, and of all other circumstances determining its expiration, a tenancy from year to year, takes its date from the time when the tenant actually enters upon the demised premises. This rule, however. which is one of legal inference, should not apply to a vendee. The tenant, if he enters at a season of the year at which it would be unsuitable to quit the possession, can regulate by contract, the

This general rule does not apply to a suit by a vendor *vs* his vendee.

time he is to do it. The vendee, however, does not contemplate a restoration of the possession to the vendor, and such an event does not enter into or properly form any part of the contract between them. If, therefore, the time when he entered, was to be regarded as determining the time of the year when he was to leave the possession, it might subject him to great inconvenience, and inflict upon him manifest injustice.

A notice to the vendee should be reasonable. To make it so it should be for six months, and to expire at a season of the year when the possession could be surrendered without doing him injustice. It would be unreasonable to require him to quit when he had a growing crop, or when his crop, although matured, had not been gathered, or a reasonable time allowed for its disposition. In this instance the notice was given on the 8th of September, to quit in six months, consequently it expired on the 8th of March following, and was, in our opinion, a reasonable notice.

*A notice by vendor to his vendee, given 8th Sept. to quit in six months, is reasonable.*

Its insufficiency, however, is urged on the ground, that the ouster complained of in the declaration, is alledged to have occurred on the 2d day of March, just six days before the notice expired, and before the plaintiff had a right to the possession. The demise is laid on the 10th of March, and as the entry of the lessee is alledged to have been made by virtue of this demise, and the ouster to have been afterwards committed upon him, when in the possession of the premises thus acquired; the allegations fixing the time of the ouster before the date of the demise, being contradictory and repugnant to the precedent matter, must be rejected, according to the rules of pleading relative to repugnant allegations: (1 *Chitty's Pleadings*, 265.) This objection to the notice is, therefore, also deemed unavailing.

A survey which had been made in a suit in chancery between the same parties, was used on the trial of this case, by the plaintiff, although objected to by the defendant. Due and proper notice of the time the survey was made appears to have been given; it is contended, however, the Court erred in permitting the plaintiff to use it, inasmuch as it is not shown what the subject

*A survey made in a suit in chancery is evidence in an ejectment between the same parties.*

matter in controversy between the parties in the suit in chancery, actually was. The proceedings in the chancery suit are not made a part of the bill of exceptions, so that we are not able to determine with certainty, what matters were in controversy between the parties; but as the survey was used on the trial for the purpose only of showing the boundary of the land sold, and the extent of the interferance of an adverse claim therewith, and those points would both be material in any litigation between the parties concerning the land, where a survey would be necessary; we think it may be assumed, from the fact of a survey having been made, that those matters were involved in the issue between the parties in the suit in chancery. The survey having been made upon due notice to the defendant, was, therefore, properly admitted.

The defendant not having been a party to the suit in chancery between Cleaver and Beauchamp, was not bound by the decree, nor was the land in his possession so involved in that controversy that the possession of it would have been decreed to Beauchamp; so that the decree in that cause, would in no event, form any obstacle to the plaintiff's recovery in this. But as the decree in that case left the plaintiff to his remedy at law to obtain the possession without any limitation whatever, it would have formed no bar to the prosecution of this suit, had the defendant been a party.

Wherefore, there being no available objection to the judgment, it is affirmed.

*Shuck* for appellant.

*Margin notes:*

LANDERS
*vs*
BEAUCHAMP.

Decrees in chancery are not evidence against one who was no party to the suit.